## DENNIS MARTIN *vs.* ELLEN HAND.

A statute providing that "every original writ issued against a female, founded on a contract, shall be a writ of summons " : —
A writ in assumpsit was served on an executrix *de son tort* by attaching her personalty : —
*Held*, the service was illegal.

EXCEPTIONS to the Court of Common Pleas.

*February* 19, 1876. DURFEE, C. J. This is an action of assumpsit to recover for goods sold to John Hand, deceased, during his lifetime. The action is brought against the defendant, to charge her as executrix *de son tort*. The writ is a writ of attachment, and was served by attaching the defendant's personal property. The defendant pleads in abatement to the writ, claiming the benefit of the statute. Gen. Stat. R. I. cap. 195, § 18. The statute provides, subject to an exception which does not cover this case, "that every original writ issued against a female, founded on a contract, shall be a writ of summons." The plaintiff replies, that the "action is not founded upon contract, but upon the tortious intermeddling of the defendant with the estate of the deceased."

The action was commenced in a justice court, removed by appeal to the Court of Common Pleas, and is brought before us by a bill of exceptions, the Court of Common Pleas having overruled the plea in abatement.

The plaintiff contends that the statute above cited does not apply to this action, because the defendant, though sued as executrix, is sued as executrix *de son tort*, and the writ as against her is not founded on contract, but on her tortious intermeddling with the estate.

We do not think this argument can prevail; for though the defendant became liable to be sued by intermeddling with the estate, she became liable to be sued by the plaintiff, who is simply a creditor of the deceased, not as an intermeddler, but as executrix. And he sues her as executrix upon a debt of the deceased, his action being in form an action of contract upon said debt, the declaration alleging that defendant assumed upon herself the trusts and responsibilities of, and essayed to act in settling up, the estate, and promised to pay the debt. The foundation of the writ is therefore contract: express, or to be inferred as a matter of fact on the part of the deceased; and implied, as a matter of law on the part of the defendant.

> *Exceptions sustained and judgment for the defendant for her costs.*

*Thomas P. Barnefield*, for plaintiff.

*Blodgett & Clapp*, for defendant.